**DICKIE, MCCAMEY & CHILCOTE, P.C.**
By:  Candy Barr Heimbach, Esquire
Identification No. 43995
By:  Paul G. Lees, Esquire
Identification No.  68886
By:  Kevin H. Conrad, Esquire
Identification No. 312209
190 Brodhead Road, Suite 300
Bethlehem, PA 18017
(484) 510-7700
cbheimbach@dmclaw.com
plees@dmclaw.com
kconrad@dmclaw.com

**Counsel for Defendants**:
St. Luke's Hospital-Anderson Campus, also
identified by Plaintiffs as St. Luke's Hospital;
Stephen A. Lanshe, Esquire, identified by
Plaintiffs as "Steven Lanshe, Esq."; Robert L.
Wax, Esquire; Darla Frack, Dawn Hoffman."

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GRACE SMITH, ESQ.;                             :
MICHAEL O. SMITH, J.D.; and                    :
J.A. SMITH (minor child),                      :
                                               :       No.:  5:22-cv-01478-MMB
                           Plaintiffs          :
                                               :
            v.                                 :       JURY TRIAL DEMANDED
                                               :
ST. LUKE'S HOSPITAL;                           :
"SECURITY GUARD 'FREDDY'";                     :
"SECURITY GUARD 'JOE'";                        :
"SECURITY GUARD 'NATE'";                       :
STEVEN LANSHE, ESQ.;                           :
ROBERT L. WAX, ESQ;                            :
DARLA FRACK;                                   :
DAWN HOFFMAN; and                              :
"HOSPITAL LEADERSHIP TEAM,"                    :
                                               :
                           Defendants          :

## DEFENDANTS' REPLY BRIEF TO PLAINTIFFS' DECEMBER 16, 2022 RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendants, St. Luke's Hospital—Anderson Campus, Stephen A. Lanshe, Esq., Robert L.

Wax, Esq., Darla Frack, and Dawn Hoffman, by and through their counsel, Dickie, McCamey &

Chilcote, P.C., file this Reply Brief to Plaintiffs' December 16, 2022 Response and Brief in

Opposition to Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint.

I)      **PROCEDURAL BACKGROUND**

On November 14, 2022, Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint (ECF Nos. 47) was filed, together with a Memorandum of Law (ECF No. 47-1), and a proposed Order and exhibits (ECF Nos. 47-2 through 47-4). By email from Michael O. Smith on Sunday, November 27, 2022, Plaintiffs served upon Defendants' counsel certain response papers to the Motion to Dismiss.[1] Defendants filed their (first) Reply Brief and Brief in Opposition to Plaintiffs' Motion to Strike on November 30, 2022 (ECF No. 51).[2]

Plaintiffs realized they had not properly filed Plaintiffs' Motion to Strike and Plaintiffs' First Opposition Brief, and the exhibits thereto. Plaintiffs properly filed those documents with the Court on December 6, 2012. (See ECF Nos. 52 through 52-4.) On December 12, 2022, Defendants filed a Response in Opposition (ECF No. 53) to Plaintiffs' now-docketed Motion to Strike. Defendants' Response explained that Plaintiffs' Motion to Strike and Plaintiffs' First Opposition Brief and exhibits (collectively, ECF Nos. 52 through 52-4) were the same documents that Plaintiffs served on Defendants' counsel on November 27, 2022 and that Defendants attached as Exhibit A to Defendants' Reply Brief filed on November 30, 2022. Defendants stated that they maintained their opposition to Plaintiffs' Motion to Strike on the grounds stated in Defendants' Reply Brief (ECF No. 51) filed on November 30, 2022.

---

[1] Specifically, Plaintiffs sent via email a motion styled *Plaintiffs' Motion to Strike Defendants' Motion to Dismiss for Good Cause* (hereinafter "Plaintiffs' Motion to Strike"), two exhibits, and a brief-styled *Brief in Support of pro se Plaintiffs' Response to Defendants' Motion to Dismiss* (hereinafter "Plaintiffs' First Opposition Brief").

[2] Plaintiffs' Motion to Strike and Plaintiffs' First Opposition Brief were attached as Exhibit A (ECF No. 51-1) to Defendants' Reply Brief filed on November 30, 2022.

After the filing of Defendants' Response to Plaintiffs' Motion to Strike on December 12, 2022 (ECF No. 53), the Court's Order dated December 9, 2022 (ECF No. 54) was docketed and notice of its entry was transmitted to counsel and Plaintiffs via ECF email.

The Order dated December 9, 2022 denied Plaintiffs' Motion to Strike. That Order in 22-cv-1478 referenced "several motions for extension of time filed by the Plaintiffs in response to motions to dismiss" and allowed Plaintiffs until December 16, 2022 to respond to the motion to dismiss in this action, and motions to dismiss in two related actions (22-cv-3786 and -3788).[3]

On December 16, 2022, Plaintiffs filed Plaintiffs' Response to Defendants' Motion to Dismiss (ECF No. 55) ("Plaintiffs' Response"), Plaintiffs' Brief in Support of Their Response to Defendants' Motion to Dismiss (hereinafter "Plaintiffs' Second Opposition Brief"), and

---

[3] Plaintiffs did not file and did not serve upon Defendants' counsel any motion in this civil action (22-cv-1478) seeking an extension of time for Plaintiffs to file a further response to Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint, which motion to dismiss had been timely filed on November 14, 2022.

The dockets across these five separate but related civil actions show that the only requests of extension of time filed by Plaintiffs were the Motions for Extension of Time that were filed on December 6, 2022 by Plaintiffs in their case against OB Hospitalist Group and Dr. Teresa Marlino (see ECF No. 12 in 22-cv-03786), and in their case against the County Defendants (see ECF No. 9 in 22-cv-03788). Plaintiffs' Motions for Extension of Time contain the following respective prayers for relief—"that this Honorable Court grant Plaintiffs up to 30 days extended time, through January 5th, 2023, to file a response to *Defendants' Motion to Dismiss filed on November 28, 2022*," (ECF No. 12 in 22-cv-03786), and "to file a response to *Defendants' Motion to Dismiss filed on November 20, 2022*" (ECF No. 9 in 22-cv-03788). The only motion to dismiss filed on November 28, 2022 was filed by Defendants Dr. Marlino and OB Hospitalist Group in 22-cv-03786. The only motion to dismiss filed on November 20, 2022 was filed by the County Defendants in 22-cv-03788. **That is, neither of Plaintiffs' Motions for Extension of Time that were filed in those other cases pertained to Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint filed on November 14, 2022 in this action.**

**Moreover, on December 6, 2022 (the date Plaintiffs filed for extensions in those 2 other cases), Plaintiffs did not file a motion in this action seeking an extension of time to file a response to Defendants' Motion to Dismiss that was filed on November 14, 2022. Instead, the only motion filed by Plaintiffs on December 6, 2022 in this civil action was Plaintiffs' Motion to Strike Defendants' Motion to Dismiss.**

documents labeled Exhibit 2 through Exhibit 11 (<u>See</u> ECF Nos. 55-2 through 52-12) to Plaintiffs'

Response.[4] Hence, this (second) Reply Brief.

**II)**     <u>**REBUTTAL ARGUMENTS**</u>

    **1)**     <u>**THE COURT SHOULD STRIKE AND DISREGARD PLAINTIFFS' SECOND ROUND OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT BECAUSE PLAINTIFFS FAILED TO SEEK AN EXTENSION OF TIME BY MOTION AND FAILED TO SHOW EXCUSABLE NEGLECT.**</u>

The Court should strike and disregard Plaintiffs' second round of opposition to Defendants'

Motion to Dismiss Plaintiffs' Third Amended Complaint. The Motion to Dismiss was filed and

served on November 14, 2022. Plaintiffs' response in opposition to that Motion to Dismiss was

due November 28, 2022. Rule 6 of the Federal Rules of Civil Procedure provides that:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> > (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>
> > (B) *on motion* made *after the time has expired* if the party failed to act because of *excusable neglect.*

Fed. R. Civ. P. 6(b)(1) (emphasis added). First, Rule 6(b)(1)(A) is inapplicable because Plaintiffs

did not request, and the Court did not grant, an extension on or before November 28, 2022 (when

the original response time expired). Second, while Rule 6(b)(1)(B) would apply if Plaintiffs had

actually filed a motion for extension of time regarding this case and this motion to dismiss,

Rule 6(b)(1)(B)  is inapplicable because **Plaintiffs never filed a motion seeking an extension of**

**time to respond to Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint.**

---

[4] Plaintiffs' Response identifies Plaintiffs' Second Opposition Brief as "Exhibit 1". (<u>See</u> Plfs' Resp., at ¶ 2(a).) The final document (ECF No. 55-13) that accompanies Plaintiffs' Response is Plaintiffs' email message to the Clerk of Court on December 16, 2022 at 10:02 p.m. submitting Plaintiffs' opposition papers.

Moreover, Plaintiffs did not (and cannot now) show *excusable* neglect for their failure to file a motion for extension of time in this case. Plaintiffs prepared and served a response in opposition to Defendants' Motion to Dismiss on November 27, 2022—in the form of Plaintiffs' Motion to Strike and Plaintiffs' First Opposition Brief. **Plaintiffs' first response to Defendants' Motion to Dismiss was wholly mistaken and without merit, but that was Plaintiffs' response. Absolutely nothing precluded Plaintiffs from submitting a timely motion for extension of time in this case.[5] Moreover, nothing precluded Plaintiffs from filing a motion for extension of time in this case on December 6, 2022. Indeed, on that same date, Plaintiffs properly filed their Motion to Strike in this case and also filed motions *for extension of time* in 2 different cases. Plaintiffs were evidently capable of filing a motion for extension of time to (further) respond to the Motion to Dismiss in this case (22-cv-1478) on December 6, 2022, but they did not.[6]**

Because Plaintiffs did not file a motion for extension of time to further respond to Defendants' Motion to Dismiss the Third Amended Complaint and did not demonstrate any excusable neglect for not doing so, Plaintiffs' second round of opposition to that Motion to Dismiss is, and should be treated as, untimely. It should be disregarded and stricken as such.

---

[5]  It is not as if Plaintiffs served a motion for extension of time with their other responsive papers on November 27, 2022. They did not.

[6]  Perhaps Plaintiffs elected not to seek an extension of time regarding the Motion to Dismiss the Third Amended Complaint because Plaintiffs previously refused a request from these Defendants for an extension of time to file their Motion to Dismiss Plaintiffs' Third Amended Complaint**.** Plaintiffs refused Defendants' prior request for agreement to an extension of time despite Defendants' offer of a reciprocal extension of time for Plaintiffs to respond to the motion to dismiss their Third Amended Complaint, once the motion to dismiss was filed. **Whatever the reason for their choice, the record (specifically, the various dockets and the email exchange attached as Exhibit "A" to this Reply Brief) reflects a <u>choice</u> by Plaintiffs <u>not</u> to seek an extension of time regarding Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint that was timely filed on November 14, 2022.**

**2) ALTERNATIVELY, EVEN IF NOT STRICKEN AND INSTEAD CONSIDERED, PLAINTIFFS' RESPONSE AND PLAINTIFFS' SECOND OPPOSITION BRIEF FAIL TO DEMONSTRATE THAT DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED IN ANY RESPECT.**

Even if the Court were to consider Plaintiffs' Response and Plaintiffs' Second Opposition Brief filed on December 16, 2022, Plaintiffs nevertheless fail to demonstrate that Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint should be denied in any respect. Indeed**, Plaintiffs concede that the Motion to Dismiss the Third Amended Complaint is meritorious, but they want it to be denied based on their own assessment of fairness and public policy.**

**a) PLAINTIFFS CONCEDE THAT DEFENDANTS' MOTION TO DISMISS IS MERITORIOUS, BUT THEY BELIEVE THE MOTION TO DISMISS SHOULD BE DENIED NONETHELESS BECAUSE TO GRANT IT WOULD BE UNFAIR AND "CONTRARY TO PUBLIC POLICY."**

As discussed in Defendants' Brief in Support of the Motion to Dismiss Plaintiffs' Third Amended Complaint, the averments in the Third Amended Complaint are an insufficient basis to plausibly state Plaintiffs' putative claims against the Defendants in this action. **Plaintiffs fundamentally concede as much:** "*To dismiss the Smiths' case* **because meritorious arguments have been presented to this Honorable Court by opposing counsel** *is a valid execution of justice*, but to dismiss an otherwise equitable case that could have profoundly positive policy effects for all similarly situated disabled American women would be contrary to public policy." (Plfs' 2ⁿᵈ Oppo. Brf., pg. 11 (emphasis added).)

Plaintiffs acknowledge that Defendants' Motion to Dismiss the Third Amended Complaint is supported by "meritorious arguments" and that granting the Motion to Dismiss is "a valid execution of justice." (Id.) Plaintiffs nevertheless now ask the Court to ignore the merits of that Motion to Dismiss and allow Plaintiffs to proceed to discovery despite the fact that the Third Amended Complaint fails to properly plead plausible claims for relief against Defendants because, according to Plaintiffs, this is an "otherwise equitable case" that "could have profoundly positive

policy effects." (Id.) Plaintiffs do not cite any authority to support their request—which is, that they be excused from the otherwise-applicable pleading rules and standards that apply to all parties (counseled and pro se parties alike) and to be permitted to proceed with discovery (*on an inadequate fourth complaint subject to a meritorious motion to dismiss*) based on the fact that they believe fervently in their putative claims and suggest that their case might have positive public policy effects. (See id.) The Court should reject Plaintiffs' improper and unsupported request, and should grant Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint.

      **b)** **THE COURT SHOULD REJECT PLAINTIFFS' ATTEMPT TO SUPPORT THEIR OPPOSITION WITH DOCUMENTS/RECORDS WHICH WERE NOT ATTACHED TO THE THIRD AMENDED COMPLAINT.**

These Defendants moved for dismissal of the Third Amended Complaint pursuant to Rule 12(b)(6). Plaintiffs, in their second round of opposition papers to that Motion, now seek to overcome Defendants' Motion to Dismiss the Third Amended Complaint by attaching to Plaintiffs' Response eleven (11) Exhibits, as "Evidence Presented for Clarity and the Court's Edification." (Plfs' Resp., pgs. 3-5.)

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993)). There are no exhibits to the Third Amended Complaint itself.[7]

Although Rule 12(d) provides a mechanism that permits the court to convert a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings into a

---

[7] And, although Plaintiffs might seek to rely—as purported evidence—on various documents to attempt to prove their putative claims (which they have not plausibly pled) under Section 1983, the ADA, and/or Pennsylvania tort law (IIED), this is not a breach of contract action where the claim is "based upon" a document/documents reflecting the agreement upon which the claim is based.

Rule 56 motion for summary judgment "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court," Fed. R. Civ. P. 12(d), **Rule 12(d) does <u>not</u> mandate that a court consider any or all matters outside of the pleading which are presented in connection with a Rule 12(b)(6) or a Rule 12(c) motion.** <u>Id.</u>

In <u>Hollander</u>, this Court refused to consider seven (7) exhibits that the plaintiff attached to his response to the defendant's motion to dismiss which exhibits were "factual in nature and, therefore, are excluded pursuant to Rule 12(d)." <u>Hollander v. Ranbaxy Lab'ys Inc.</u>, No. Civ. A. 10-793, 2011 WL 248449, at *8 n.2 (E.D. Pa. Jan. 24, 2011) (Baylson, J.). And, although this Court in <u>Hollander</u> did not exclude from consideration two (2) other documents that were also attached by the plaintiff in response to the motion to dismiss, this Court noted that those other documents were a memorandum and orders (court documents) from other cases filed by the plaintiff and, thus, public records that "need not be excluded." <u>Id.</u>

In <u>Lamper</u>, this Court was presented with a Rule 12(c) motion and both parties attached factual materials in support of and opposition to the motion. This Court stated that, pursuant to Rule 12(d), it would <u>not</u> consider the defendant's factual declaration or the plaintiff's factual declaration and nine (9) exhibits "[b]ecause the newly-attached documents are neither 'undisputedly authentic' nor do they contain facts that are undisputed. <u>Zahner v. City of Phila.</u>, No. CV 16-2635, 2017 WL 262006, at *3 (E.D. Pa. Jan. 18, 2017) (Baylson, J.).

**Here, too, Plaintiffs' documentary Exhibits 2 through 9 are neither indisputably authentic, nor do they contain facts that are undisputed. They should, likewise, be disregarded and not considered for purposes of the pending Motion to Dismiss**, which motion seeks (and warrants) dismissal of the Third Amended Complaint under Rule 12(b)(6).

Finally, although Exhibits 1, 10, and 11 to Plaintiffs' Response may be considered by the Court (and given such weight as they are due—that is, none) without converting to summary judgment under Rule 12(d) because Plaintiffs' Exhibits 1, 10, and 11 are legal filings of record in court proceedings ("matters of public record"), those **Exhibits 1, 10, and 11 do <u>not</u> provide any factual support for Plaintiffs' putative claims in the Third Amended Complaint because Exhibits 1 and 10 are legal memoranda/briefs containing purported legal argument regarding motions to dismiss under Rule 12(b)(6) in this case and a related civil action,[8] and Exhibit 11 is an excerpt from the initial Complaint that was filed in this case, but which is a legal nullity because it has since been amended (and superseded) three times.[9]**

---

[8] Plaintiffs' Response mistakenly relies upon the Brief filed by Northampton and Monroe County Defendants in a separate civil action. Plaintiffs assert that Exhibit 10 to their Response in this case is included because "Monroe County admits instructing St. Luke's Hospital to monitor Mrs. Smith while on St. Luke's property." (Plfs' Resp., at ¶ 2(j), citing Exhibit 10, Counties' Brief in Support of Mot. to Dismiss, at pgs. 10-11.)

Plaintiffs' reliance on the Counties' Brief in that case is mistaken. The Counties' Brief in Support of their Motion to Dismiss Plaintiffs' Complaint in 22-cv-3788 is not a pleading that makes factual admissions or denials on behalf of those Defendants in that action. Rather, the Counties' Brief—like Defendants' Brief in Support of their Motion to Dismiss Plaintiffs' Third Amended Complaint in this case—is a brief in support of a motion under Rule 12(b)(6). Such a brief takes the factual averments which are sufficiently stated in the operative complaint as true at the pleadings stage only. **Moreover, how the Counties construed Plaintiffs' factual averments from the Complaint <u>in that case</u> are immaterial to the analysis of Defendants' Motion to Dismiss in this case. The Motion to Dismiss in this case is concerned with whether Plaintiffs sufficiently pled their putative claims against the Defendants <u>in this case</u> based upon the operative pleading here—namely, Plaintiffs' Third Amended Complaint. For the reasons set forth in Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Third Amended Complaint, Plaintiffs have not done so in this case.**

[9] "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." <u>Kreis v. Northampton Cnty. Prison</u>, 564 F. Supp. 3d 359, 361 (E.D. Pa. 2021) (Rufe, J.) (quoting <u>Garrett v. Wexford Health</u>, 938 F.3d 69, 82 (3d Cir. 2019)). "Thus, the most recently filed amended complaint becomes the operative pleading." <u>Id.</u> Moreover, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." <u>Id.</u> (quoting <u>Argentina v. Gillette</u>, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (per curiam)). "[A]s a practical matter, the filing of amended . . . complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff." <u>Id.</u>

**c)** **PLAINTIFFS' SECOND OPPOSITION BRIEF IS A MANIFESTO, NOT A MEMORANDUM OF LAW/LEGAL BRIEF, AND FAILS TO DEMONSTRATE OR PROVIDE ANY AUTHORITY TO NEGATE SOME OR ALL OF THE ARGUMENTS AND AUTHORITY RELIED UPON BY DEFENDANTS TO SUPPORT MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT.**

Fundamentally, Plaintiffs' Second Opposition Brief is a manifesto; it is <u>not</u> a memorandum of law or legal brief that states the legal authority relied upon and discusses pertinent facts—which, on a Rule 12(b)(6) motion, are drawn from the facts properly stated in the operative pleading—in relation to that legal authority. (<u>See</u>, Plfs' 2nd Oppo. Brf., pgs. 1 – 14.)

Plaintiffs' Response and Plaintiffs' Second Opposition Brief do not contain a single citation to any specific legal authority that Plaintiffs rely on to support their opposition to Defendants' arguments set forth in Defendants' Brief in Support of the Motion to Dismiss Plaintiffs' Third Amended Complaint. (<u>See</u> Plfs' Resp., ¶¶ 1-4; and Plfs' 2nd Oppo. Brf., pgs. 1-14.)[10] Nor does Plaintiffs' Response or Plaintiffs' Second Opposition Brief contain any specific citations to paragraphs of the Third Amended Complaint when Plaintiffs purportedly respond to

---

[10] Plaintiffs do make passing reference to Rule 15(b) in their Response and ask the Court grant them further leave to amend their Third Amended Complaint "to reinstate their requested policy changes to constitutional allegations where necessary." (Plfs' Resp., ¶ 4.) They also assert that a "miscarriage of justice" will result if they are not permitted to further amend the Third Amended Complaint to reinstate their requested policy changes. (Plfs' 2nd Oppo. Brf., pg. 11.) No such thing would occur here; Plaintiffs are on their fourth (4th) iteration of their complaint in this action and the Court previously informed Plaintiffs prior to the filing of their Third Amended Complaint that "no further amendment will be permitted." (<u>See</u> Order dated July 14, 2022 (ECF No. 43).)

And Plaintiffs make reference by name to "*Borrell*"—that is, <u>Borrell v. Bloomsburg Univ.</u>, 870 F.3d 154, 160 (3d Cir. 2017)—as a case cited by Defendants; however, Plaintiffs make clear that they do not rely on <u>Borrell</u> in support of their state-action allegations: "Plaintiffs are not alleging whether the state and St. Luke's Hospital 'have a close relationship generally' as Defendants quote in <u>Borrell</u>." (Plfs' 2nd Oppo. Brf., pg. 8 n. 8.) Plaintiffs merely assert that "<u>Borrell</u> is wholly irrelevant." (<u>Id.</u>) **Plaintiffs are incorrect in their assertion that <u>Borrell</u> is irrelevant; rather, as discussed in Defendants' Brief, pgs. 28-31, <u>Borrell</u> is relevant and supports the dismissal of Plaintiffs' putative Section 1983 claims for failure to sufficiently plead state action by these Defendants. Moreover, Plaintiffs' Second Opposition Brief offers no response or opposition to Defendants' related arguments in Defendants' Memorandum of Law addressing the case law referenced by Plaintiffs in the Third Amended Complaint as purported support for their Section 1983 "state action" allegations.**

the arguments set forth by Defendants. (See id.)[11] Instead, Plaintiffs' Second Opposition Brief consists of the same type of conclusory assertions of purported law as are contained in the Third Amended Complaint, together with Plaintiffs' narrative and personal opinions/beliefs—none of which are a sound basis to deny the Motion to Dismiss Plaintiffs' Third Amended Complaint.

## III)   <u>CONCLUSION</u>

Defendants respectfully request this Honorable Court to grant Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint (ECF No. 47), and to dismiss the Third Amended Complaint (ECF No. 45), and this action, with prejudice.

Plaintiffs' first and second responses to Defendants' Motion to Dismiss were mistaken and without merit, for the reasons stated above and those stated in Defendants' First Reply Brief (ECF No. 50). Defendants' Motion to Dismiss should be treated as uncontested, and granted as such, because Plaintiffs failed to provide any timely response to the substantive arguments for dismissal that were timely and properly advanced by Defendants, and Plaintiffs never requested an extension of time to further respond in this case (nor did Plaintiffs demonstrate excusable neglect, as

---

[11] Plaintiffs' Second Opposition Brief (at pg. 1 n.1) seeks to make a great deal of several instances in Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiffs' Third Amended Complaint where the year "2022" is erroneously used instead of "2021" when describing the alleged events upon which Plaintiffs base their claims. Defendants' counsel acknowledge those few mistaken references to alleged events in April 2022, and that all of the alleged events upon which Plaintiffs base their claims occurred in 2021, <u>not</u> 2022. That is evident from the myriad other references to those alleged events in April 2021 which are also contained in Defendants' Brief in Support.

Defendants note that, because this is a Motion to Dismiss under Rule 12(b)(6), it is the dates stated in the Third Amended Complaint (and taken as true) of the alleged events that would control the facts for purposes of the pending Motion to Dismiss. **Those errant references to 2022, where 2021 was pled in the Third Amended Complaint, do <u>not</u> (contrary to Plaintiffs' suggestion) negate or call into question the merits of the Motion to Dismiss Plaintiffs' Third Amended Complaint. Plaintiffs' opposition to Defendants' Motion to Dismiss the Third Amended Complaint fails based upon its timing and its content—not merely because Plaintiffs themselves reference the wrong motion to dismiss at the very outset of Plaintiffs' Response in this case: "The Plaintiffs, Michael O. Smith, Grace Smith, and J.A. Smith request the Court DENY Defendants *OBHG PA and Dr. Marlino's Motion to Dismiss* for the following reasons . . . ." (Plfs' Resp., ¶ 1 (emphasis added).)**

-11-

required). Furthermore, Plaintiffs' second round of opposition papers are unavailing and expressly concede that the arguments in support of the Motion to Dismiss Plaintiffs' Third Amended Complaint are meritorious.

Ultimately, the Third Amended Complaint should be dismissed, with prejudice, for the multiple reasons set forth in Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint (ECF No. 47) and the Memorandum of Law in support thereof (ECF No. 47-1), none of which were meaningfully addressed and negated by Plaintiffs' subsequent opposition filings.

Respectfully submitted,

**DICKIE McCAMEY & CHILCOTE, PC**

By: _____
    Candy Barr Heimbach, Esquire
    Paul G. Lees, Esquire
    Kevin H. Conrad, Esquire
    *Counsel for Defendants*

Dated: December 29, 2022

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served upon all persons listed below a true and correct copy of the **DEFENDANTS' REPLY BRIEF TO PLAINTIFFS' DECEMBER 16, 2022 RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**, and exhibit, in the above-captioned matter this date via electronic mail transmission as follows:

Grace Smith, Esquire & Michael O. Smith JD,
individually and as parents of J.A. Smith
(Minor Child)
203 Dorset Road
Tobyhanna, PA 18466
michaelosmithtutoringservice@gmail.com
*Plaintiffs Pro Se*

DICKIE, McCAMEY & CHILCOTE, PC

By: _____
Candy Barr Heimbach, Esquire
Paul G. Lees, Esquire
Kevin H. Conrad, Esquire
*Counsel for Defendants*

Dated: December 29, 2022

15632451.1